# PENNSYLVANIA RULES OF DISCIPLINARY ENFORCEMENT
## SUBCHAPTER E.    PENNSYLVANIA LAWYERS FUND FOR CLIENT SECURITY

## GENERAL PROVISIONS

Rule 501.    **Definitions**

The following words and phrases, when used in this subchapter shall have, unless the context clearly indicates otherwise, the meaning given to them in this section:

"Board."    The Pennsylvania Lawyers Fund for Client Security Board **of Trustees**.

...

Rule 503.    **Pennsylvania Lawyers Fund for Client Security Board**

(a)    General Rule. The Supreme Court shall appoint a board to be known as the "Pennsylvania Lawyers Fund for Client Security Board **of Trustees**" **(the "Board")** which shall consist of five members of the bar of this Commonwealth and two non-lawyer public members. One of the members shall be designated by the Court as Chair and another as Vice-Chair.  A majority of the members of the Board shall designate a member of the Board to act as Treasurer.

...

(d)    Powers.   The Board shall have the power and duty:

...

(4) To determine in **[January of each year]** **conjunction with the meeting of the Lawyer Assessment Committee**, and to report to the Supreme Court, whether the Fund is of sufficient amount to pay adjudicated claims and other anticipated claims.

...

Rule 504. **Confidentiality**

...

(b) Notwithstanding subsection (a), the Fund, after an award is approved, may disclose the following information:

(1) the name of the Claimant (if Claimant has granted **written** permission to disclose **or has independently publically disclosed the filing of a claim with the Fund**);

(2) the name of the Covered Attorney;

(3) the amount claimed;

(4) the amount awarded; and

(5) a summary of the claim.

...

Rule 512. **Covered Attorney**

This subchapter covers conduct of a member of the bar of the Supreme Court, including attorneys admitted pro hac vice and formerly admitted attorneys whose clients reasonably believed the former attorney to be licensed to practice when the Dishonest Conduct occurred, an active foreign legal consultant, an active military attorney, **an active attorney who is the spouse of an active-duty service member of the United States**

**Uniformed Services,** or a person holding an active Limited In-House Corporate Counsel License, which conduct forms the basis of the application to the Board. The conduct complained of need not have taken place in this Commonwealth for application to the Board to be considered by the Board and an award granted, except that an award shall not be granted with respect to conduct outside of this Commonwealth of a foreign legal consultant, military attorney**, an attorney who is the spouse of an active-duty service member of the United States Uniformed Services,** or person holding a Limited In-House Corporate Counsel License unless the conduct related to the provision of legal services to a resident of this Commonwealth.

Rule 514.    **Reimbursable Losses**

    (a)    General Rule.   For the purposes of this subchapter reimbursable losses consist of those losses of money, property or other things of value which meet all of the following requirements:

        (1)    The loss**:**

            **(i)**    was caused by the Dishonest Conduct of a Covered Attorney when acting:

            **[i](A)**  as an attorney-at-law;

            **[ii](B)** in a fiduciary capacity customary to the practice of law, such as

                administrator, executor, trustee of an express trust, guardian or conservator; or

            **[iii](C)** as an escrow agent or other fiduciary, having been designated as

                such by a client in the matter in which the loss arose or having been so selected as a result of a client-attorney relationship**[.]; or**

**(ii)** **is in the nature of unearned, unrefunded fees paid to a lawyer who, without completing the engagement, died, was transferred to inactive disability status, or cannot be located.**

…

## PAYMENT OF CLAIMS

Rule 521. **Investigation and Payment of Claims**

…

(b)     Hearing Committees.   The Board may utilize a hearing committee to conduct any hearings under this subchapter for the purpose of resolving factual issues. Imposition of discipline under Rule 204 (relating to types of discipline) or otherwise shall not be a prerequisite for favorable action by the Board with respect to a claim against the Fund, but the Covered Attorney involved shall be given notice of and an opportunity to contest any claim made with respect to his or her alleged Dishonest Conduct. **Notice mailed to the Covered Attorney at the address of record with Attorney Registration per Rule of Disciplinary Enforcement 219 (relating to annual registration of attorneys) shall satisfy this notice requirement.**

(c)     Subpoenas.

(1)     At any stage of an inquiry being conducted in accordance with Rule 221 **(relating to mandatory overdraft notification)**, the Board or a designated representative on behalf of the Board shall have the right to require production of records by issuance of a subpoena(s).   The

attorney whose account is the subject of the inquiry under Rule 221 shall have the right, upon written request and payment of appropriate duplicating costs, to receive copies of the records produced.

(2)     At any stage of an investigation and/or proceeding under this subchapter, the Board**[, a Claimant and a contesting Covered Attorney]** shall have the right to summon witnesses and/or require production of records by issuance of subpoenas. **Should the Board determine to conduct a hearing, the Claimant and/or the Covered Attorney may request the issuance of a subpoena to summon a witness to testify at such hearing. The costs associated with the issuance and service of the subpoena and the witness' appearance shall be borne by the requesting party.**

(3)     Subpoenas authorized by this subparagraph (c) shall be obtained by filing with any Prothonotary of the Supreme Court of Pennsylvania **("Court Prothonotary")** a statement calling for the issuance of the subpoena.   On the same day that the statement is filed with the **Court** Prothonotary, the party seeking the subpoena shall send by certified mail a copy of the statement to either the Executive Director **and the Claimant** or the Covered Attorney as the case may be.   Upon the filing of the statement, the **Court** Prothonotary shall forthwith issue the subpoena and it shall be served by certified mail, return receipt or by personal service.   A subpoena issued under this subparagraph (c) shall not be returnable until at least 10 days after the date of its issuance.

...

(5)     Any challenge to the validity of a subpoena issued under this rule shall be heard by a hearing committee or the full Board.   A determination by such committee or the Board may be appealed to the Supreme

Court under subparagraph (8)**(iii)** within ten days after service of the determination on the party bringing the appeal.

...

(8)     Enforcement of subpoenas; appeal of challenges to subpoenas:

(i)     The Board, **[through a designated representative,]** <u>a Claimant,</u> or a Covered Attorney may petition the Supreme Court to enforce a subpoena **[or to review a determination under subparagraph (5) on the validity of a subpoena**. **No challenge to the validity of a subpoena will be considered by the Court unless previously raised as provided in subparagraph (5)]**.

...

(iii)     A petition for review of a determination made under subparagraph (5) must set forth in detail the grounds for challenging the determination.   Upon timely receipt of a petition for review, the Court shall issue a rule to show cause upon the party to the proceeding who is not challenging the determination, returnable within ten days, why the determination should not be reversed.  If the period for response has passed without a response having been filed, or after consideration of any response, the Court shall issue an appropriate order. <u>**No challenge to the validity of a subpoena will be considered by the Court unless previously raised as provided in subparagraph (5).**</u>

...

**REINSTATEMENT**

Rule 531.    **Restitution a Condition for Reinstatement**

The Board shall file with the Supreme Court a list containing the names of all formerly admitted attorneys with respect to the Dishonest Conduct of which the Board has made unrecovered disbursements from the Fund. No person will be reinstated by the Supreme Court under Rule 218 (relating to reinstatement), Rule 219 (relating to annual registration of attorneys), Rule 301(h) (relating to proceedings where an attorney is declared to be **[incompetent or is alleged to be]** incapacitated **or severely mentally disabled**), Pennsylvania Rules for Continuing Legal Education, Rule 111(b) (relating to noncompliance with continuing legal education rules) or who has been suspended from the practice of law for any period of time, including, but not limited to suspensions under Rule 208(f) (relating to emergency temporary suspension) and 219(f) (relating to administrative suspension) until the Fund has been repaid in full, plus 10% per annum interest, for all disbursements made from the Fund with respect to the Dishonest Conduct of such person.